
FILED
JAN 23 2020
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREGORY RICHARDSON,

    Plaintiff,

v.                              Civil Action No. 3:19CV936

UNKNOWN,

    Defendant.

**MEMORANDUM OPINION**

Gregory Richardson, a Virginia state inmate, submitted this civil action and a request to file a criminal complaint. The request was not accompanied by any fee. The pertinent statute provides:

> In no event shall a prisoner bring a civil action [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "Richardson has had at least three prior actions and appeals dismissed as frivolous or for failing to state a claim." Richardson v. Sisk, No. 3:07CV488, 2007 WL 3172527, at *1 (E.D. Va. Oct. 26, 2007) (citations omitted) aff'd, 300 F. App'x 216 (4th Cir. 2008). Richardson's current complaint does not demonstrate that he is in imminent danger of serious physical harm.

Accordingly, this Court will dismiss the action without prejudice. Richardson may refile the action accompanied by the full $400.00 filing fee.[1] If he chooses to refile this action, he must also comply with the pre-filing injunction set forth in Richardson v. Va. Dep't of Corr., No. 3:07CV514, ECF No. 49, at 1-3 (E.D. Va. Jan. 8, 2009), before the Court will consider any claim therein.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Richardson.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: January 23, 2020
Richmond, Virginia

---

[1] To the extent that Richardson's sole purpose in filing this action is to obtain a criminal complaint against an individual, he may not do so in this Court. "[T]he Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." Barron v. Katz, No. 6:17-CV-195-KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Furthermore, Richardson as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.").