IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREGORY RICHARDSON,

    Plaintiff,

v.                                          Civil Action No. 3:19CV936

UNKNOWN,

    Defendant.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on January 23, 2020, the Court dismissed a civil action and a request to file a criminal complaint, both filed by Gregory Richardson. In so doing, the Court explained as follows:

> The request was not accompanied by any fee. The pertinent statute provides:
>> In no event shall a prisoner bring a civil action [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g). "Richardson has had at least three prior actions and appeals dismissed as frivolous or for failing to state a claim." Richardson v. Sisk, No. 3:07CV488, 2007 WL 3172527, at *1 (E.D. Va. Oct. 26, 2007) (citations omitted) aff'd, 300 F. App'x 216 (4th Cir. 2008). Richardson's current complaint does not demonstrate that he is in imminent danger of serious physical harm.

Accordingly, this Court will dismiss the action without prejudice. Richardson may refile the action accompanied by the full $400.00 filing fee.[1]

Furthermore, Richardson, a prolific filer of frivolous and delusional claims, is subject to a refiling injunction. So the Court also explained that: "If he chooses to refile this action, he must also comply with the pre-filing injunction set forth in Richardson v. Va. Dep't of Corr., No. 3:07CV514, ECF No. 49, at 1-3 (E.D. Va. Jan. 8, 2009), before the Court will consider any claim therein." (ECF No. 2, at 1-2.)

On March 5, 2020, Richardson filed a document entitled, UPON MOTION TO VACATE UNDER RULE 60 F.R.C.P. ("Rule 60(b) Motion," ECF No. 4.) Richardson claims that under "RULE 60(4), (6),"[2] the

---

[1] To the extent that Richardson's sole purpose in filing this action is to obtain a criminal complaint against an individual, he may not do so in this Court. "[T]he Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." Barron v. Katz, No. 6:17-CV-195-KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Furthermore, Richardson as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.").

[2] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may

judgment is void, the Court lacked jurisdiction, and its dismissal fails to comport with due process. Richardson has not demonstrated any entitlement to relief under Rule 60(b).

First, Richardson argues that this Court "lacked jurisdiction because the petition was filed in the Charlottesville Region pursuant to 28 U.S.C. 2241(b). The petitioner sought to avoid the anticipated denial and arbitrary and capricious reason/s for doing so . . . ." (Id. at 1.) Richardson continues that "[n]othing in the statute authorizes the actions taken by the Charlottesville court transferring the petition to the Richmond district, and Richmond combining petition with a letter to it inquiring about criminal complaint filing . . . ." (Id.)

This action was not transferred and does not involve a § 2241 petition. The request very clearly stated, "Re: Criminal Complaint." Richardson was informed that he must pay the full filing fee and comply with the pre-filing injunction before the Court would entertain any new civil action. The Court also

---

relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
. . .
(4) the judgment is void;
. . .
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(4) & (6).

explained that, even if Richardson was not subject to the above restrictions, private individuals may not initiate a criminal complaint. Richardson's first argument lack merit.

Second, Richardson claims that "imposition of the prefiling injunction constitutes fraud, and deprives due process." (Id. at 2.) That contention fails because there is no explanation why it is appropriate to address his arguments about the purported unconstitutional nature of a prefiling injunction from 2009 here, in a Rule 60(b) Motion.

Finally, Richardson contends that this "[c]ase involves misadventure, oversight, and newly discovered evidence that presents unatypical soughted relief." (Id. at 4.) Richardson then takes issue with the Prisoner Litigation Reform Act's requirement that an inmate with three strikes must pay the full filing fee as "unconstitutional to free exercise." (Id.) Richardson then launches into complaints about various facets of his conditions of confinement through the years and attacks his his state criminal conviction and sentence. (Id. at 4-5.) The Court fails to discern, and Richardson fails to explain how any of this would entitle him to Rule 60(b) relief from the January 23, 2020 Memorandum Order. Accordingly, the Rule 60(b) Motion will be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Richardson.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 7, 2020

5